[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2011
JOHN LEY
CLERK

No. 11-11366
Non-Argument Calendar

_____

D.C. Docket No. 7:09-cv-01691-LSC

MILTON ALFRED LEWIS,

Plaintiff - Appellant,

versus

ESKRIDGE TRUCKING CO., INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 6, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Milton Lewis appeals the summary judgment in favor of Eskridge Trucking Co., Inc., and against Lewis's complaint for unpaid overtime compensation under the Fair Labor Standards Act. See 29 U.S.C. § 207(a)(1). The district court ruled that Lewis was exempt from the overtime provisions of the Fair Labor Standards Act. We affirm.

An employee is exempt from the overtime provisions of the Fair Labor Standards Act if he is subject to the rules promulgated by the Secretary of Transportation under the Motor Carriers Act. Spires v. Ben Hill Cnty., 980 F.2d 683, 686 (11th Cir. 1993). The Secretary regulates employees who work for a private motor carrier that provides transportation in interstate commerce and whose work activities affect the "safety of operation" of that motor carrier, 29 C.F.R. § 782.2, including truck drivers, mechanics, loaders, and helpers, Levinson v. Spector Motor Serv., 330 U.S. 649, 673, 67 S. Ct. 931, 943 (1947). The employee need not devote all or even a majority of his time to safety activities, id. at 674, 67 S. Ct. at 944; it is enough that a "loader" devote a "substantial part" of his time to "activities affecting safety of operation," id. at 681, 67 S. Ct. at 947.

Lewis is a "loader" who is subject to regulation under the Motor Carrier Act and exempt from the overtime provisions of the Fair Labor Standards Act. A "loader" is an employee of a carrier "whose duties include . . . the proper loading

2

of . . . motor vehicles so that they may be safely operated on the highways" and who "exercis[es] judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." 29 C.F.R. § 782.5(a). Lewis testified that he was a "loader" for Eskridge Trucking who was unsupervised as he filled trailers with wood shavings and ensured that the loads were balanced, weighed the trailers, and inspected the trailers for maintenance problems.

Lewis includes, in his statement of the issues, an argument that he was not compensated for the time while he was on call for Eskridge Trucking, but he does not include any argument in his brief about this issue. "'The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.'" Tanner Adver. Group, LLC v. Fayette Cnty., Ga., 451 F.3d 777, 785 (11th Cir. 2006) (quoting Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004)).

We **AFFIRM** the summary judgment in favor of Eskridge Trucking.