Mark CHELLIS, Plaintiff,

v.

**NEW CENTURY TRANSPORTATION, INC., Defendant.**

Civil Action No. 11–2797 (JEI/KMW).

United States District Court, D. New Jersey.

Feb. 16, 2012.

ments. (Complaint at ¶ 49).

Card & Glenn PA, Andrew I. Glenn, Esq., Jersey City, NJ, for Plaintiff.

Archer & Greiner, PC, Douglas Diaz, Esq., Haddonfield, NJ, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. No. 12)

IRENAS, Senior District Judge:

This matter having appeared before the Court on Defendant's Motion to Dismiss for failure to state a claim (Dkt. No. 12); the Court having considered the submissions of the parties; and it appearing that:

(1) Plaintiff worked as a truck loader for Defendant. (Compl. ¶ 16) Plaintiff's duties consisted of executing load plans developed by his superiors. (*Id.* at ¶¶ 19–20) Plaintiff did not have responsibility for exercising his own discretion or judgment when loading. (*Id.* at ¶¶ 22–24) Despite working in excess of forty fours a week, Plaintiff was not paid overtime.

(2) Plaintiff filed a collective action Complaint on May 16, 2011. (Dkt. No. 1) On October 18, 2011, this Court dismissed the Complaint for failure to state a claim. (Dkt. No. 10) In the Order, however, Plaintiff was granted leave to file a motion to amend the complaint. Although Plaintiff filed the Amended Complaint on November 7, 2011 without a motion, Defendant moved to dismiss on November 21, 2011, and this Court will address the merits of Defendant's Motion.

(3) Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also* Fed.R.Civ.P. 8(a)(2).

(4) While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

(5) Plaintiff alleges that Defendant failed to pay overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] Under the FLSA, employees who work in excess of 40 hours are entitled to time and a half pay. 29 U.S.C. § 207(a). Defendant argues that the motor carrier exemption applies to Plaintiff, which governs "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section

---

1. Plaintiff does not pursue the New Jersey State Wage and Hour Law claim in the Amended Complaint, though Plaintiff's Opposition declares this to be an oversight. Plaintiff does not discuss the issue further.

31502 of Title 49." 29 U.S.C. § 213(b)(1). Section 31502 requires an employee to: 1) work for a motor private carrier, 2) promote safety of operation. 49 U.S.C. § 31502(b)(2). The parties do not dispute that Defendant is a motor private carrier. The parties do dispute, however, whether Plaintiff promotes the safety of operation in his employment as a truck loader.

(6) To fall within the exemption, a loader's duties must include "the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5(a). An employee has safety of operation duties when:

> he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized.

*Id.*

(7) The parties' disagreement stems principally from statutory construction. Defendant argues that the regulation is disjunctive. Therefore, Plaintiff need only have duties "in placing, distributing, or securing the pieces of freight" to fall within the exemption. *Id.*

(8) Plaintiff argues that "for exercising judgment and discretion in planning" modifies subsequent clauses. *Id.* Merely placing freight on a truck does not fall within the exemption absent the responsibility for using discretion and judgment for such placement. Because Plaintiff alleges that he could not exercise discretion, he was not a loader as defined by the regulation.

(9) Considering the staggering use of disjunctives and conjunctives in the same sentence, the disagreement is understandable. Although this Circuit has not addressed the issue, the balance of courts around the country tend to agree with Plaintiff.[2] *See, e.g., Lewis v. Eskridge Trucking Co.,* 449 Fed.Appx. 780, 781 (11th Cir.2011) (emphasizing discretion and responsibility in analyzing the loader exemption); *Vaughn v. Watkins Motor Lines, Inc.,* 291 F.3d 900, 904 (6th Cir. 2002) ("the plaintiffs and [defendant] disagree as to whether these two dockworkers exercised the judgment and discretion necessary to be considered loaders."); *Shultz v. Kelley,* 431 F.2d 1364, 1368 (10th Cir.1970) (a loader must "exercis[e] judgment and discretion in (1) planning and building a balanced load or (2) placing, (3) distributing, or (4) securing the pieces of freight."). The Court agrees with this analysis.

(10) Here, Plaintiff clearly alleges that he did not have responsibility for exercising judgment or discretion when loading the trucks. (*See* Compl. ¶¶ 22–26) Therefore, the exemption does not apply and the Motion will be denied.

**IT IS** on this 16th day of February, 2012,

**ORDERED THAT:**

(1) Defendant's Motion to Dismiss is hereby **DENIED.**

---

2. Neither party cited a single case in support of their respective statutory constructions.